# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 7 |
| SCHAEFER SALT RECOVERY, INC., | Case No. 04-36630 (NLW) |
| Debtor. | |
| CAROL SEGAL, | |
| Appellant, | |
| v. | Civil Action No. 05-5484 (KSH) |
| SCHAEFER SALT RECOVERY, INC., | |
| Appellee. | **OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

## I.  INTRODUCTION

Carol Segal ("Segal") appeals an order of the United States Bankruptcy Court for the District of New Jersey dated August 24, 2005 that denied a motion for the imposition of sanctions against Schaefer Salt Recovery, Inc. ("Schaefer Salt") and its attorney, Nicholas Khoudary, Esq. ("Khoudary"), for filing frivolous and bad faith bankruptcy petitions, and from an order entered October 4, 2005 denying a motion for reconsideration of the August 24, 2005 order. The bankruptcy court concluded that Khoudary's conduct was sanctionable under 28 U.S.C. § 1927, but nonetheless denied both motions because the motion for sanctions was filed nine days after the court had involuntarily dismissed the underlying bankruptcy petition. The bankruptcy court held that the Third

1

Circuit's "supervisory rule" requiring certain motions for sanctions to be filed before dismissal of the underlying case is applicable to motions for sanctions pursuant to both Rule 9011 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1927. For the reasons that follow, the decisions of the bankruptcy court on these motions are **affirmed**.

## II.    FACTS

On May 12, 2004, only eight days after being formally incorporated as a business entity, Schaefer Salt filed a petition for bankruptcy under Chapter 11 of the bankruptcy code. Khoudary, acting as Schaefer Salt's Vice-President, filed the bankruptcy petition on behalf of the company.

At the time of Chapter 11 filing, Schaefer Salt's only assets were three mortgage liens against certain real property in Union, New Jersey. The bankruptcy filing automatically stayed tax foreclosure actions on the properties that Segal had initiated in state court. Segal filed a brief in support of its motion to dismiss Schaefer Salt's Chapter 11 case for cause, claiming that Schaefer Salt's bankruptcy filing was "a 'strategy' to delay [Segal's] lawful right to complete his tax foreclosure actions and then to 'skunk' him by acquiring his interests at a reduced price." Appellant's Desig. of R. at Ex. 40 (Reply Brief in Further Support of Motion to Dismiss Chapter 11 Case). Within a few weeks, the bankruptcy court involuntarily dismissed the bankruptcy filing as a bad faith filing.

Approximately five weeks later on August 13, 2004, Schaefer Salt, with Khoudary acting as counsel, filed another petition for bankruptcy, but this time under Chapter 7 of the bankruptcy code. This filing also had the effect of automatically staying Segal's state court foreclosure proceedings on the real property in Union, New Jersey in which Schaefer Salt held interests. Segal immediately filed a motion to dismiss and a hearing was scheduled for August 24, 2004. On the morning of the

hearing, Khoudary notified the bankruptcy court that he was unable to attend due to health issues. Khoudary also indicated that he was willing to voluntarily dismiss the Chapter 7 petition. The bankruptcy judge informed Segal's counsel on the record of what had transpired and entered an order granting Segal's motion to dismiss that same day.

On September 2, 2004, nine days *after* the entry of the order of involuntary dismissal, Segal filed a motion for sanctions to be levied against Schaefer Salt and Khoudary pursuant to either Federal Rule of Bankruptcy Procedure 9011 or the court's inherent power for filing frivolous and bad faith bankruptcy petitions. After a hearing on September 27, 2004, the bankruptcy court found that sanctionable conduct had occurred, and awarded Segal the costs of filing the motion to dismiss the Chapter 7 case under 28 U.S.C. § 1927. An order to this effect was never entered, however. After several months, Segal's counsel inquired as to the status of the sanction order. On August 24, 2005 the bankruptcy court issued an opinion reversing its September 27, 2004 award of sanctions.

In its opinion the bankruptcy court relied upon the "supervisory rule" announced by the Third Circuit in Pensiero, Inc. v. Lingle, 847 F.2d 90 (3d Cir. 1988), which requires all motions requesting Rule 11 sanctions to be filed *before* entry of final judgment of the underlying case. The bankruptcy court recognized that Pensiero was not directly controlling on the issue because it had initially awarded sanctions under 28 U.S.C. § 1927, and Pensiero involved only Rule 11 sanctions. However, the court stated that "it would be reasonable to expect the Third Circuit to view sanctions under § 1927 in the same manner as they treated Rule 11 sanction[s] in Pensiero." Appellant's Desig. of R. at Ex. 20 (Bankruptcy Court Letter Opinion Dated August 24, 2005). The bankruptcy court also stated that although "the motion was filed only nine days after dismissal, case law suggests that the supervisory rule is a bright line rule from which deviation is not appropriate." Id.

Segal filed a motion for reconsideration of the August 24, 2005 order on September 2, 2005. The bankruptcy court entered an order denying this motion on October 3, 2005. Segal appeals both the denial of the motion for sanctions and the denial of the motion for reconsideration.

## III.    JURISDICTION & STANDARD OF REVIEW

This Court has jurisdiction to hear an appeal from an order of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1), which states that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to bankruptcy judges under section 157 of this title [28 U.S.C. § 157]."

The district court exercises de novo review over the bankruptcy court's legal conclusions, Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999), but will not disturb the bankruptcy court's findings of fact unless they are clearly erroneous. Id.

## IV.    DISCUSSION

In Pensiero, the Third Circuit adopted "a supervisory rule that counsel seeking Rule 11 sanctions must file their motions before entry of final judgment in the district court." 847 F.2d at 92. As indicated, the bankruptcy court concluded that sanctionable conduct had occurred, and was forceful in making that conclusion: "[B]elieve me, Schaefer Salt and the attorney, Mr. Khoudary richly deserved a sanction, the problem is, the timing with which it was done." Appellant's Desig. of R. at Ex. 30 (Transcript of Hearing Held on September 26, 2005). Despite this, the court denied Segal's motion for sanctions simply because it was not timely filed under the supervisory rule.

Although Pensiero is instructive, application of the supervisory rule does not immediately end this court's inquiry because Segal's motion for sanctions did not involve Rule 11. Rather, Segal

4

moved for sanctions under both Federal Rule of Bankruptcy 9011 and the court's inherent power. For reasons that are not clear to this Court, the bankruptcy court's initial award of sanctions was made pursuant to 28 U.S.C. § 1927. In order to determine whether or not the supervisory rule originally adopted for Rule 11 sanctions also applies to each of the three different sanction provisions at issue in this appeal, the Court will examine the policy reasons underlying the Pensiero decision, as well as the situations where the Third Circuit has either extended or relaxed Pensiero's supervisory rule.

Pensiero concluded that the district court had improperly awarded Rule 11 sanctions because the defendant had failed to make its motion for sanctions prior to entry of final judgment. 847 F.2d at 98-100. The Third Circuit's declared purposes in establishing the supervisory rule were to "eliminate piecemeal appeals," id. at 92, and to "deter further violations of Rule 11 which might otherwise occur during the remainder of the litigation." Id. at 99. The Pensiero court stated that, preferably, motions requesting Rule 11 sanctions should be filed "as soon as practicable after discovery of the Rule 11 violation." Id. at 100.

In Simmerman v. Corino, 27 F.3d 58, 63 (3d Cir. 1994), the Third Circuit extended the supervisory rule established in Pensiero to Rule 11 sanctions awarded *sua sponte* by a district court. The Third Circuit further extended the supervisory rule in Prosser v. Prosser, 186 F.3d 403, 406 (3d Cir. 1999), where it held that the rule also applies to sanctions awarded pursuant to a court's inherent powers. The Prosser court stated:

> The interests of judicial efficiency, timeliness, and notice are no different when imposing sanctions under the court's inherent power. . . . Sanctions ideally operate as instructional tools to deter parties and attorneys whose conduct has not met the requisite professional standards from continuing on their wayward course of conduct. This exemplary function is ill served when sanctions are delayed. During the course

> of a delay, memories can fade and, importantly, attorneys and parties may continue to misbehave because they do not have the benefit of disciplinary guidance from the court.

Id. at 406. Then in Piscitelli v. Mirow (In re Nicola), 65 Fed. Appx. 759 (3d Cir. 2003) (unpublished and non-precedential), the court extended the supervisory rule to include sanction orders issued by bankruptcy courts and refused to craft an exception where only a *de minimis* period of time elapsed between entry of final judgment and filing of the motion for sanctions. Although the motion was filed only *six days* after the order dismissing the bankruptcy petition became final, the Piscitelli court found that the bankruptcy court erred in awarding sanctions under its inherent powers because allowing even the smallest exception "would ill serve the goal of deterring subsequent misconduct." Id. at 763.

In contrast, the Third Circuit had relaxed the supervisory rule in Schering Corp. v. Vitarine Pharmaceuticals, Inc., 889 F.2d 490 (3d Cir. 1989), where it held that the rule does not apply where the underlying case was *voluntarily* dismissed by the party against whom sanctions are sought. The court stated, "To hold that a district court has no power to order sanctions after a voluntary dismissal is to emasculate Rule 11 in those cases where wily plaintiffs file baseless complaints, unnecessarily sap the precious resources of their adversaries and the courts, only to insulate themselves from sanctions by promptly filing a notice of dismissal." Id. at 496.

## V.     ANALYSIS

The Third Circuit has extended the supervisory rule to sanctions awarded under a court's inherent powers, see Prosser, 186 F.3d at 406, but has not had the opportunity to extend the rule to sanctions awarded under either Federal Rule of Bankruptcy Procedure 9011 or 28 U.S.C. § 1927. It is clear that the supervisory rule applies to sanction awards ordered by bankruptcy courts, Piscitelli, 65 Fed. Appx. at 762, so the only reason that the supervisory rule would not apply in this appeal is if there is some reason why Rule 9011 or Section 1927 sanctions should be treated differently than sanctions under Rule 11 and the court's inherent power.

The language of Rule 9011 of the Federal Rules of Bankruptcy Procedure is nearly identical to the language of Rule 11 of the Federal Rules of Civil Procedure,[1] and Rule 11 precedent is often

---

[1] Rule 9011 provides:
(b) By presenting to the court . . . a petition . . . , an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose . . . ; (2) the claims, defenses, and other legal contentions therein are warranted . . . ; (3) the allegations and other factual contentions have evidentiary support . . . ; and (4) the denials of factual contentions are warranted on the evidence . . . . (c) If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction upon the attorneys, law firms, or parties . . . .
Fed. R. Bankr. P. 9011(b)-(c).

Similarly, Rule 11 provides:
(b) By presenting to the court . . . a pleading . . . , an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose . . . ; (2) the claims, defenses, and other legal contentions therein are warranted . . . ; (3) the allegations and other factual contentions have evidentiary support . . . ; and (4) the denials of factual contentions are warranted on the evidence . . . . (c) If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction upon the attorneys,  law firms, or parties . . . .
Fed. R. Civ. P. 11(b)-(c).

7

used to decide cases involving Rule 9011. See Landon v. Hunt, 977 F.2d 829, 833 n.3 (3d Cir. 1992) (noting that Rule 9011 is the equivalent of Rule 11); Klein v. Wilson et al. (In re Highgate Equities, Ltd.), 279 F.3d 148, 151 (2d Cir. 2002). In light of the similarity of language and purpose, and considering the policy reasons underlying the supervisory rule – namely the elimination of piecemeal appeals, Pensiero, 847 F.2d at 92, and the deterrence of "further violations of Rule 11 which might otherwise occur during the remainder of the litigation," id. at 99 – this Court holds that the supervisory rule is equally applicable to motions for Rule 9011 sanctions. Therefore, the bankruptcy court properly held that the supervisory rule barred an award of sanctions pursuant to Rule 9011.

The standard for awarding sanctions under 28 U.S.C. § 1927 is narrower than the standard for awarding sanctions under Rule 11 because Rule 11 "imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith," Chambers v. NASCO, Inc., 501 U.S. 32, 47 (1991), while Section 1927 requires a finding of bad faith.[2] Section 1927 also differs from Rule 11 because only attorneys can be sanctioned under Section 1927, while both attorneys and the litigants can be sanctioned under Rule 11. Despite the different standards, this Court can discern no reason why the supervisory rule should not also apply to Section 1927 sanctions. Just as the Prosser court found that "[t]he interests of judicial efficiency, timeliness, and notice are no different when imposing sanctions under the court's inherent power [as opposed to Rule 11 sanctions]," this Court finds that those same interests are no different when imposing sanctions under Section 1927. Therefore, the bankruptcy court properly held that it could not award sanctions pursuant to Section 1927.

---

[2]Section 1927 states: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Segal does not strongly argue that the supervisory rule should not apply to Rule 9011 or Section 1927. Instead, he makes three other arguments why the supervisory rule does not bar an award of sanctions based on the specific facts of this appeal. First, Segal argues that the underlying bankruptcy petition was not involuntarily dismissed, but that it was actually voluntarily dismissed. Thus, argues Segal, the Schering exception applies and sanctions can be granted. Second, Segal argues that the supervisory rule does not apply in this case because its motion for sanctions was filed before the order of dismissal became final. Finally, Segal argues that the bankruptcy court committed error and abused its discretion by not awarding sanctions after having found that sanctionable conduct occurred.

**A.      Segal's argument that the petition was voluntarily dismissed by Schaefer Salt**

Albeit Segal argues that Schaefer Salt voluntarily dismissed it, the record indicates otherwise. On August 17, 2004, four days after Schaefer Salt filed its second bankruptcy petition within three months, Segal made a motion to dismiss the bankruptcy petition "for cause" pursuant to 11 U.S.C. §§ 707(a) and/or 105(a). On the day of the scheduled hearing, August 24, 2004, Schaefer Salt's counsel, Khoudary, did not attend and called the court's chambers instead, telling the court that Schaefer Salt was willing to voluntarily dismiss the case. At the time of the scheduled hearing, Judge Winfield went on the record and said, "I'll take a voluntary dismissal, I'll reflect that in my order that I'm imposing [a] 180 day bar order." Appellant's Desig. of R. at Ex. 28 (Transcript of Hearing Held on August 24, 2004). Ultimately, however, the court granted Segal's motion to dismiss for cause. In fact, the court stated on the record at a later hearing that the termination of the second filing was "not a voluntary dismissal." Appellant's Desig. of R. at Ex. 30 (Transcript of Hearing Held on September 26, 2005).

9

This Court finds on this record that the petition was not voluntarily dismissed. The order entered by the bankruptcy court clearly notes that the matter was opened to the court by Segal's application to dismiss the case for cause and that Segal's motion to dismiss was granted. See Appellant's Desig. of R. at Ex. 10 (Order Granting Motion to Dismiss Chapter 7 Case). If there was still any doubt, the court clearly stated on the record that the case was not voluntarily dismissed. See Appellant's Desig. of R. at Ex. 30 (Transcript of Hearing Held on September 26, 2005). As such, the Schering exception to the supervisory rule for actions dismissed by voluntarily dismissal does not apply.

**B.     Segal's argument that its motion was timely filed**

The bankruptcy court entered its order of involuntary dismissal of Schaefer Salt's bankruptcy petition on August 24, 2004. Nine days later, on September 2, 2004, Segal filed its motion for an award of sanctions. Segal argues that although its motion for sanctions was filed after the order of dismissal was entered by the bankruptcy court, it was timely filed for purposes of compliance with the supervisory rule because, pursuant to Federal Rule of Bankruptcy Procedure 8002, the order of dismissal did not become final until 10 days after its entry.

Rule 8002, titled "Time for Filing Notice of Appeal," requires parties who wish to appeal a decision to file a notice of appeal within 10 days of the date of entry of that decision. The rule essentially means that if a party does not file an appeal within 10 days of the entry of the decision, that decision cannot be appealed at a later date.

The main reason for the supervisory rule is to avoid piecemeal appeals. Pensiero, 847 F.2d at 92. The Pensiero court stated, "Swift disposition of a Rule 11 motion is essential so that any ensuing challenge to it might be included with the appeal on the merits." Id. at 99. Therefore,

Segal's argument is only valid to the extent that filing the motion for sanctions had the effect of extending the time in which the voluntary dismissal could be appealed, such that an appeal of the grant or denial of sanctions could also be included within an appeal of the involuntary dismissal.

Rule 8002(b) states that only four types of motions filed after entry of an order have the effect of extending the time to appeal that order. The provision applies only to motions:

> (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;
> (2) to alter or amend the judgment under Rule 9023;
> (3) for a new trial under Rule 9023; or
> (4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment.

F. R. Bankr. P. 8002(b).

Segal's September 2, 2004 motion for sanctions was not made pursuant to any of the four motions referenced above in Rule 8002(b). Due to the fact that one of the declared purposes of the supervisory rule is to avoid piecemeal appeals, the fact that the order of involuntary dismissal did not become "final" until September 3, 2004 is irrelevant. This Court declines to adopt Segal's proposed interpretation of the supervisory rule because it would result in allowing motions for sanctions to be filed in spite of the fact that piecemeal appeals could later occur.

**C.    Segal's argument that the bankruptcy court abused its discretion by not awarding sanctions after having found that sanctionable conduct occurred**

Citing Stuebben v. Gioioso (In re Gioioso), 979 F.2d 956 (3d Cir. 1992), Segal argues that the bankruptcy court abused its discretion by not imposing sanctions after finding that sanctionable conduct occurred. In Stuebben, the Third Circuit declared that courts *must* impose sanctions under either Rule 11 or Rule 9011 if the court finds that sanctionable conduct occurred. Id. at 960-61. The Stuebben court stated,

> The use of 'shall' was deliberate and carefully considered, and was intended to overcome the reluctance of courts to assess sanctions against erring counsel and parties. The tone of the rule makes clear that although trial judges still retain substantial discretion, its exercise is now directed more to the nature and extent of sanctions than to initial imposition.

Id. at 960.

This argument is unpersuasive for two reasons. First, the Third Circuit's command in Stuebben was arguably superseded when the word "shall" in Rule 9011 was replaced with "*may*." See supra n.1 (stating current language of Rule 9011). Second, even if Stuebben is applicable to this appeal, this Court did not find any indication in the record that the bankruptcy court found that sanctionable conduct occurred until *after* the bankruptcy petition was involuntarily dismissed. Schaefer Salt's bankruptcy petition was involuntarily dismissed on August 24, 2004 and the first mention of sanctions by the bankruptcy court was at the hearing held on Segal's motion for sanctions on September 27, 2004. See Appellant's Desig. of R. at Ex. 24 (Transcript of Hearing Held on September 27, 2004). Indeed, Segal's pointing to record support for the voluntariness argument discussed above, based on Khoudary's phone call and Judge Winfield's initial remarks on the record, brings up another matter of record. On August 17, 2004, exactly one week prior to the bankruptcy court's August 24, 2004 hearing on dismissal of the bankruptcy petition, Segal wrote to Khoudary as follows: "We are writing to advise you that, pursuant to Federal Rule of Bankruptcy Procedure 9011, [Segal] intends to seek sanctions against you and/or [Schaefer Salt] for this frivolous and bad faith chapter 7 petition unless the you [sic] arrange for the immediate dismissal of the case." Appellant's Desig. of R. at Ex. 15A (Letter Dated August 17, 2004 from Connell Foley LLP to Khoudary). Segal got the relief he wanted; Schaefer Salt did inform the bankruptcy court that it would take a voluntary dismissal. Adding this to the mix, and given established law that operation

of the supervisory rule had removed any discretion from the bankruptcy court to award sanctions at the time it concluded that sanctionable conduct had occurred, Segal's argument that the bankruptcy court abused its discretion by failing to award sanctions fails.

## VI.   CONCLUSION

Based upon the foregoing, the Court **affirms** the decisions of the bankruptcy court. An appropriate order will be entered.

Dated: September 27, 2006                                        /s/ Katharine S. Hayden

                                                                                 Katharine S. Hayden, U.S.D.J.